BUTLER v. STANDARD GUARANTY AND TRUST COMPANY.

SIMMONS, C. J.    1. Where one enters into a written contract with another, the agreements and "understandings" concerning representations made by one of the parties to the other before the signing of the contract are presumed to be incorporated therein, and parol evidence is not admissible to vary or change the terms of the contract.

2. Where a party to a written contract alleges in her petition to rescind that certain representations, not embodied in the contract, were made by the agent of the other party (a corporation) in order to induce her to sign the same, she can not have it rescinded on account of such representations, when on the back of the contract which was delivered to her is this printed stipulation : "The company shall be bound by and responsible for only such statements as are contained in this contract, and no officer or agent of this company, general, special, or State agent, has any authority to promise a loan or to bind the company by any promise, representation, or other statement not contained in this contract."

3. Where a petition brought to rescind such a contract as above described alleges that the corporation ratified the acts of its agent by receiving some of the money collected by him through false representations, and does not allege that the corporation had full knowledge of all the facts when the the money was received, it does not show a ratification.

*Judgment affirmed.    All the Justices concur.*

Submitted February 4, — Decided March 7, 1905.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    June 9, 1904.

*W. R. Daley, Aldine Chambers,* and *W. M. Smith,* for plaintiff. *Peeples & Jordan,* and *Hoke Smith,* for defendant

---

JESSEY v. DEAN, for use, etc.

SIMMONS, C. J.    The answer of the justice of the peace to the writ of certiorari not verifying the allegation in the petition for the writ that there was a final verdict and judgment, and no steps having been taken to traverse the answer or require the magistrate to answer over, neither the superior court nor this court can properly undertake to pass upon the merits of the assignments of error made in the petition for certiorari.    *Stoner* v. *Magins,* 116 Ga. 797.      *Judgment affirmed.    All the Justices concur.*

Submitted February 6, — Decided March 7, 1905.

Certiorari.    Before Judge Lumpkin.    Fulton superior court. September 21, 1903.

*Aldine Chambers* and *W. M. Smith,* for plaintiff in error.
*E. D. Thomas, A. G. Golucke,* and *Felder & Rountree,* contra.