### 12726. PAYNE, agent, *v.* RIVERS.

BROYLES, C. J. 1. No material error in the admission of evidence is shown by the motion for a new trial.

2. As to the effect of stricken admissions in pleading, the court gave the following charge, which is complained of: "Under the law, when the defendant filed the amendment striking these paragraphs, he was not longer bound by them as admissions in court, solemn admissions, conclusive upon him, and it became his right to offer any explanation of these paragraphs that he desired. While they are admissible in evidence and put in evidence, tendered in evidence by the plaintiff and admitted, the defendant is not concluded by what is stated in these paragraphs, but you would consider them, under the law and ·rules of evidence as to admissions; and the law declares that it is the duty of the jury to scan admissions with care; that is to determine just what sort of admission was made, if any, the circumstances under which it was made, the facts with reference to it, as disclosed by all the evidence in the case; and then, scanning such admissions with care, having done so and considering all the evidence in the case referring to such admissions or in connection with them, then the jury would give them just such weight as the jury believes they are entitled to, remembering that the· defendant is not concluded, not prohibited from explaining or denying them; and then give the admissions, if made, just such weight as you think they are entitled to." This excerpt was not error for any reason assigned. See, in this connection, *Mims* v. *Jones,* 135 *Ga.* 541, 544 (69 S. E. 824) and citations.

3. Where a person is employed and paid by a servant as a temporary substitute, with the express or implied knowledge of the master, or with a subsequent ratification by the latter, the person employed is entitled to the same protection against injury while engaged in the master's work as the regular servant for whom he is substituting, even though he may not be entitled to recover wages from the master. Aga *v.* Harbach, 127 Ia. 144 (102 N. W. 833); Haluptzok *v.* Great Northern R. Co., 55 Minn. 446 (56 N. W. 144, 26 L. R. A. 739); Illinois Cent. R. Co. *v.* Timmons, (Ky.) 100 S. W. 337; Yazoo & M. V. R. Co. *v.* Slaughter, 92 Miss. 289 (45 So. 873); Garretson-Greeson Lumber Co. *v.* Goza, 116 Ark. 277 (172 S. W. 825 (6)); Kali Inla Coal Co. *v.* Ghinelli, 55 Okl. 289 (155 Pac. 606 (7)); Chicago, R. I. & P. Ry. Co. *v.* Box, 99 Ark. 108 (1) (137 S. W. 566). See also, in this connection, *Cooper* v. *Lowery,* 4 *Ga. App.* 120, 121 (60 S. E. 1015), citing the Haluptzok case, supra.

(a) Under the above ruling and the particular facts of the case, and in view of the charge as a whole, the court did not err in charging, as complained of in the 12th to the 25th special grounds (inclusive) of the motion for a new trial, upon the question whether the plaintiff was an employee of the defendant company or a mere volunteer. Nor were any of these excerpts from the charge error for any reason assigned.

4. The following excerpt from the charge was not error for any reason assigned: "Under the law the servant or employee is not required to make any special inspection to see the condition of the place furnished to him, but if, by exercising ordinary care, [he] can discover the condition of it, it is his duty to do so." See, in this connection, *Southern Cotton Oil Co.* v. *Dukes*, 121 *Ga.* 787, 792 (49 S. E. 788); *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 259, 262 (58 S. E. 249); *Hubbard* v. *Macon Railway & Light Co.*, 5 *Ga. App.* 223, 224, 225 (62 S. E. 1018).

5. It was not error for the court to instruct the jury with reference to the recovery of damages, nor was it error, in submitting to the jury the measure of damages, to charge as follows: "Take into consideration the uncertainty of business, the difficulty of obtaining and keeping steady employment, and the fact that a man rarely, if ever, labors every day of his life, and make due allowance for all such considerations." If the plaintiff in error desired the jury be instructed to consider in this connection "other circumstances, such as voluntarily abstaining from labor, the presence of illness, or other possible causes to prevent a person from being able temporarily to labor," an appropriate written request for such an instruction should have been submitted.

6. The verdict of $2,500 in favor of the plaintiff does not appear excessive, and was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED DECEMBER 15, 1921.

Action for damages; from city court of Atlanta — Judge Reid. June 18, 1921.

The action was for injuries from being tripped by an iron strip attached to the floor of a car, a leg and bones of the ankle being broken by the plaintiff's fall.

*Brewster, Howell & Heyman,* for plaintiff in error.
*Harwell, Fairman & Barrett,* contra.