19736. ARTHUR C. BROMBERG ATTRACTIONS *v.* CHESTERFIELD MOTION PICTURES CORPORATION.

DECIDED JANUARY 24, 1930.

*George L. Bell Jr.,* for plaintiff in error.
*Branch & Howard, Bond Almand,* contra.

STEPHENS, J. (After stating the foregoing facts.) It is immaterial whether the contract is construed as a lease by the plaintiff to the defendant of the motion-picture subjects referred to, or whether, as contended by the defendant, the contract was a mere partnership agreement by which the plaintiff would participate only in the profits arising from the exhibition of the pictures by the defendant. The defendant was under obligations to receive the subjects upon the dates mentioned in the contract, and to pay to the plaintiff $600 for each subject. It is therefore immaterial whether the payment was one of rental for the use of the pictures by the defendant, or was an advancement by the defendant to the plaintiff upon the receipts which the defendant would receive from the exhibition of the pictures. In either event the contract required this money to be paid by the defendant on receipt of the subjects.

While, by the terms of the contract, the defendant was under no duty to show the pictures after having received films from the plaintiff, it was nevertheless to his interest to exhibit the pictures and

derive from their exhibition proceeds sufficient to cover what he had paid to the plaintiff, whether this payment had been made as rental for the use of the pictures or as advancements to the plaintiff, to be paid out of the proceeds to be derived from exhibition of the pictures. See Select Pictures Corp. *v.* Australasian Films Ltd., 260 Fed. 296.

The contract unequivocally bound the defendant to accept the motion-picture subjects designated, and to pay to the plaintiff the sums of money stipulated. A repudiation by the defendant of the contract and a refusal to accept the subjects contracted for constitute a breach by him of the contract in an amount of damages to be measured by an application of the correct rule for the determination of the plaintiff's damage as applied to the facts to be found by the jury. The plaintiff's measure of damages may or may not be in the sum sued for. The petition set out a cause of action and the court properly overruled the demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*