Decided November 11, 1930.

M. B. Eubanks, for plaintiff in error.
Lamar Camp, solicitor, contra.

20792. Branon v. Ellbee Pictures Corporation.

Broyles, C. J. 1. Where, by the terms of a contract in which one of the parties is denominated the "lessor" and the other party the "lessee," the lessor leases to the other party the exclusive right, within a certain period of time and within a designated territory, to exhibit designated moving pictures which the lessor agrees to deliver to the lessee at stated intervals during the life of the contract, the lessee agreeing to accept and to pay the lessor a fixed sum of money for each picture when delivered, and where the lessor complies with his part of the contract, the lessee is under an unconditional obligation to accept the pictures under the terms of the contract, and to pay therefor the sums stipulated in the contract; and a refusal by the lessee to accept the pictures constitutes a breach of the contract, and the lessor is entitled to recover damages therefor. *Arthur C. Bromberg Attractions* v. *Chesterfield &c. Corporation*, 40 *Ga. App.* 788 (151 S. E. 567). Under the foregoing ruling and the facts of the instant case, the petition set out a cause of action, and the demurrers, both general and special, were properly overruled.

2. Where the lessor in such a contract brings an action for damages against the lessee for a breach of the contract, and alleges that his damages were the total of the fixed amounts to be paid under the contract for the pictures, and proves upon the trial the execution of the contract and a breach thereof by the lessee, a prima facie case in favor of the plaintiff for the full amount sued for is made out, and the burden is then upon the defendant to prove that the plaintiff could have lessened its damages, and such proof should include sufficient data to allow the jury to reasonably estimate how much the damages could have been mitigated. Vitagraph v. Liberty Theatres, 197 Cal. 694 (242 Pac. 709), and cit.; *Branch* v. *Johnson*, 9 *Ga. App.* 699 (1-*d*) (71 S. E. 1123). Under the foregoing ruling and the facts of the instant case, the court did not err in directing a verdict in favor of the plaintiff for the full amount sued for, or thereafter in refusing to grant a new trial.

3. The special grounds of the motion for a new trial, not having been insisted upon in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

Decided November 12, 1930.

294

*Branch & Howard, Bond Almand,* for plaintiff in error.
*Dillon, Calhoun & Dillon,* contra.