17281

ERNEST CLAYTON METZE, NEIL IDELIA BRAZELLE, LEONARD DALE METZE and OTIS WAYNE METZE, Respondents, v. CLAYTON J. MEETZE, Appellant

(97 S. E. (2d) 514)

*J. Carlisle Oxner, Esq.,* of Columbia, *for Appellant,*

*Messrs. T. P. Taylor* and *Isadore S. Bernstein,* of Colum‑ bia, *for Respondents,*

*J. Carlisle Oxner, Esq.,* of Columbia, *for Appellant, in Reply.*

April 8, 1957.

STUKES, Chief Justice.

This action is concerned with a boundary dispute between respondents and appellant. They have a common source of title. In 1927 one Huffstettler conveyed to appellant, who was his son-in-law, a lot of land measuring and fronting 90 feet on the Columbia-Newberry Highway and running back to a depth of 400. feet, being a parallelogram. It was bounded on both sides and on the rear by other land of the grantor. In 1953 Huffstettler conveyed the land on the north side of the aforementioned lot to his daughter, the mother of respondents, who subsequently conveyed to them. Meanwhile, Huffstettler had his land surveyed and platted in 1928 and the lot formerly conveyed by him to appellant was shown on the map with the corner marks, courses and distances of it. The map was recorded in the office of the Clerk of Court.

The action was commenced on March 3, 1955, upon a complaint in which it was alleged that the dividing line between the lands of respondents and appellant was in dispute and appellant had refused to amicably ascertain the true location of the line. The prayer of the complaint was that surveyors be appointed to establish the line which should be confirmed by the judgment of the court. Demurrer was not interposed to the complaint. *Uxbridge v. Poppenheim,* 135 S. C. 26, 133 S. E. 461; *McRae v. Hamer,* 148 S. C. 403, 146 S. E. 243.

Appellant answered and alleged that his grantor showed him the lines of the lot intended to be conveyed whereupon appellant went into possession, in which he has continued adversely, openly and exclusively from the time of the deed to him; and that respondents subsequently acquired title inferior and subordinate to that of appellant.

Without objection of record, all issues were referred to the master in equity who took the testimony. In a well-con-sidered report he found against appellant and recommended that the plat of appellant's lot dated November 9, 1954, by B. F. Walker, Jr., of Barber, Keels & Associates, Engineers, be adjudged to represent the true boundaries of the lot and to establish the dividing line between it and the adjoining lands of respondents. Appellant's exceptions to the master's report were overruled and it was confirmed and made the judgment of the court, whence this appeal.

A ground of appeal is that the lower court did not appoint surveyors in accord with the prayer of the complaint. However, the record indicates that this question was not raised upon trial before the master and no effort to that end was made by appellant. Moreover, no prejudice to him appears. During the pendency of the action he employed another surveyor who testified in his behalf and whose conflicting plat was in evidence. See for a similar situation, *Little v. Little*, 223 S. C. 332, 75 S. E. (2d) 871

It appears from the testimony that the surveyors, who were separately employed by respondents and appellant for the purpose of the action, were actually on the ground at the same time; and their respective surveys and plats were in evidence and each of them testified. Plats of former surveys were also in evidence; that adopted by the master corresponded with them.

The factual contentions of appellant, which constitute the burden of his appeal, are concluded in this court by the concurrent findings of the master and the lower court. Upon careful consideration of the evidence and the exhibits we find that the conclusions are in accord with the preponderance of the evidence; they are certainly not against it, which would be necessary for reversal as to the equitable issues; and with respect to the legal issue of adverse possession, any evidence which reasonably tends to support the finding of the trial court requires affirmance. *Knight v. Hilton*, 224 S. C. 452, 79 S. E. (2d) 871.

It appears that this unfortunate intra-family dispute had its genesis in the planting years ago, by respondents and their mother, of hedges along the boundaries of appellant's lot, upon which they then lived with him. The common grantor was his father-in-law, who was respondents' grandfather, and who then still owned the adjoining land and it is plain that any encroachment of the hedges on it was permissive, which could not give rise to title by adverse possession. The family relationship rebuts the presumption that appellant's possession perforce the hedges was hostile to the title of his father-in-law. *Knight v. Hilton, supra,* 224 S. C. 452, 79 S. E. (2d) 871.

Moreover, no effort was made to plant the hedges on the exact lines of the lot and they were not even planted in straight lines. Appellant's contention that they mark the boundaries of his lot is untenable. The general unreliability of hedges to mark land lines was pointed out in *Harrison v. Lanoway,* 214 S. C. 294, 52 S. E. (2d) 264.

Affirmed.

TAYLOR, Moss and LEGGE, JJ., concur.

OXNER, J., did not participate.