38301.   HUNTER v. BENAMY.
38302.   HUNTER *et al.* v. BENAMY.

DECIDED JUNE 13, 1960—REHEARING DENIED JUNE 27, 1960.

*Huie, Etheridge & Harland, James R. Harland, Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr.*, for plaintiffs in error. *Robert W. Spears, Wm. G. Grant,* contra.

BELL, Judge. Although the demurrers to the petitions attempt to set out several grounds both general and special, in substance all demurrers raise only the question as to whether the petitions state a cause of action, and the briefs of the parties show that this is the only issue brought before this court and requested for determination. It is evident that the allegations in count 2 of the petitions do clearly and concisely set out a cause of action on an oral agreement employing the plaintiff to obtain a purchaser for certain real estate owned by the defendants, and the plaintiff's broker's commissions were earned by procuring a purchaser ready, able and willing to buy pursuant to an actual offer to buy on terms stipulated by the owner. See Code § 4-213. This agreement, although oral, may be the basis for this action. *Lingo v. Blair*, 32 Ga. App. 111 (122 S. E. 802).

These actions were originally brought in two counts. Count one in each petition was founded on the agreement to pay commissions embodied in a contract to sell executed by the broker, purchaser and seller. Count two in each was based on the parol agreement above discussed. The general demurrer to count one in each petition was sustained, and there were no exceptions to these rulings by cross-bills. It appears to us that the only ground on which such rulings could have been based in each instance is that the written contract is void and unenforceable because of indefiniteness. Those rulings, not having been excepted to, constitute the law of this case and are controlling on that point. This court, therefore, is not called up-

on to express an opinion as to whether or not the contract to sell was too indefinite to be enforced.

The contention of the plaintiff in error to the effect that the offer made to the purchasers through the plaintiff-broker was only conditionally accepted in that the acceptance contained a proposition not mentioned in the offer, is not well taken for the reason that this counter-offer was dropped from the negotiations and the parties signed the contract to sell. This contract to sell was attached to the petitions, and it showed that there was an agreement of purchase and sale according to terms satisfactory to the seller.

The contention that the oral listing contract was merged into the final contract of purchase and sale executed by seller and purchaser is fruitless because it is the law of this case that the written contract is void for indefiniteness. As pointed out, this was determined by the sustaining of the general demurrers to count one, which count in each petition was based on the breach of the written contract, coupled with the failure to except thereto. There can be no merger of a prior oral agreement into a void contract. The plaintiff in error in his brief cites the case of *Dunford v. Townsend,* 100 Ga. App. 550 (112 S. E. 2d 14), but there the factual situation involved shows the case to have been one based on an action for a breach of the written contract and not on one for a breach of the oral listing contract.

The concise allegations in the petitions have attached and made a part thereof several exhibits which add factual bases for the allegations, and although many of these are not necessary for an adequate petition, in some cases they do substantiate the allegations, and these are especially acceptable in actions of this kind. *Reid v. Morrison,* 31 Ga. App. 613 (121 S. E. 860). The objections to the overruling of the demurrers seem to be based primarily on interpretations as to the meaning of the contents of certain exhibits offered by the plaintiff. However, these exhibits in no way negative or defeat the basic allegations of the petitions, and the objections raised on the strained interpretations by the defendants are interpretations which must be left to the fact finders in the later trials of these cases. There are no allegations of fraud or improper acts of any type,

and it is clear that count two of the petitions each states a cause of action and is not subject to the demurrers interposed.

The orders of the Civil Court of Fulton County overruling the demurrers to count two of both these petitions are correct and are hereby

*Affirmed.* *Felton, C. J., and Nichols, J., concur.*