19375

Robert C. JOHNSON, Respondent, v. Lollie ROLAND et al., of whom Wilford F. Broxterman, Jr., is Appellant

(187 S. E. (2d) 244)

*Messrs. Garris & Garris,* and *Kneece, Kneece & Brown,* of Columbia, *for Appellant,*

*John H. Hydrick, Jr., Esq.,* of West Columbia, *for Respondent,*

February 29, 1972.

Moss, Chief Justice:

This is an action by Robert C. Johnson, the respondent herein, to establish title to a tract of 23½ acres of land of which 14 acres thereof are claimed by Wilford F. Broxterman, Jr., the appellant herein. This action, without objection of record, was referred to the Honorable Harry M. Lightsey, as Special Referee, to take the testimony and to report the same to the court, together with his findings of fact and conclusions of law. Thereafter, the said Special Referee, in obedience to said order, took the testimony and made his report, in which he found that the respondent was the owner of the said 14 acre tract of land. He recommended that the court should confirm title to the 14 acre tract of land in the respondent. He further recommended that a survey of the property should be had by a registered

surveyor and the correct boundary line between the respondent's 14 acre tract of land and that of the appellant should be established. The exceptions of the appellant to the report of the Special Referee were overruled and it was confirmed and made the judgment of the court. This appeal followed.

The appellant asserts that the conclusions of fact by the Special Referee and the Trial Judge were without evidentiary support.

The factual issues in this case were resolved in the lower court against the contention of the appellant by concurrent findings of the Special Referee and the Circuit Judge. Upon careful consideration of the evidence, we find that the factual conclusions of the lower court are supported by the clear preponderance of the evidence.

We have held in numerous cases that concurrent factual findings by a Special Referee and the Trial Judge will not be disturbed on appeal unless they are without evidentiary support or are against the clear preponderance of the evidence. *Metze v. Meetze,* 231 S. C. 154, 97 S. E. (2d) 514; *Zimmerman v. Graves,* 256 S. C. 471, 182 S. E. (2d) 885.

Judgment affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.