19545

C. Laney TALBERT, Supervisor for Richland County, Respondent, v. M. L. TROTTER, Appellant

(194 S. E. (2d) 190)

28

*Messrs. Barnes, Austin & Ellison,* of Columbia, *for Appellant,*

*Richard W. Arnold, Esq.,* of *Lewis, Lewis & Robinson,* Columbia, *for Respondent,*

January 4, 1973.

Moss, Chief Justice:

C. Laney Talbert, Supervisior for Richland County, the respondent herein, commenced this action by the service of a Petition and Rule to Show Cause on July 27, 1970, on M. L. Trotter, the appellant herein. In the Petition it was alleged that the appellant erected a fence across a public roadway and the prayer of the petitioner was that the Court issue an order requiring the appellant to remove the said fence and restore the public road to its original condition. The answer of the appellant was a general denial.

This case was referred to The Honorable Harry M. Lightsey, Master for Richland County, to take testimony and to report the same to the court, together with his findings of fact and conclusions of law. The Master, in obedience to said order, took the testimony and made his report in which he found that the road in question, even though it did not have the heavy day to day use that it once had, was still a public road and begins and ends on a public road. He also found that the public had not abandoned their use of said roadway. He further found that the appellant, through his employees, had erected fences on two places across the road and had effectively denied the public the right to the continued and uninterrupted use thereof.

The Master recommended that M. L. Trotter, the appellant, should return the said roadway to its original status by removing the fences erected across it.

The appellant filed numerous exceptions to the Master's report. These exceptions were overruled by the Honorable John Mason, Judge of the Richland County Court, by his order dated January 13, 1972. This appeal followed.

The appellant asserts that the conclusions of fact by the Master and the Trial Judge were without evidentiary support.

The factual issues in this case were resolved in the lower court against the contention of the appellant by concurrent findings of the Master and the County Judge.

We have carefully considered the evidence and are not convinced that the factual conclusions of the lower court are against the clear preponderance of the evidence.

We have held in numerous cases that concurrent factual findings by a Master and the Trial Judge will not be disturbed on appeal unless they are without evidentiary support or are against the clear preponderance of the evidence. *Johnson v. Roland*, 258 S. C. 61, 187 S. E. (2d) 244.

The exceptions of the appellant are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.