## 57792. CLYDE CHESTER REALTY COMPANY v. STANSELL.

SHULMAN, Judge.

Plaintiff sued defendant for breach of an agency contract which allegedly authorized the defendant to sell plaintiff's business, fixtures and equipment to one Earl Harris (not a party to this suit) for $26,000, in return for a 10% commission on the sale.

Although plaintiff's business was purchased by Harris through the defendant, the purchase price was paid to a third party, Lamar Davis (not a party to this suit), allegedly without plaintiff's knowledge or acquiescence.

Plaintiff contended that defendant's failure to account to him, his principal, for the proceeds received from the sale of his business, as well as defendant's failure to comply with the precise terms of the agreement (in regard to the mode of payment of the sales price), constituted a breach of contract.

Plaintiff sought damages for defendant's alleged breach of his agency contract in an amount equal to the profit he would have made on the sale of his business to Harris had he received the proceeds pursuant to the terms of his contract with defendant. In addition, he sought recovery of certain funds which were to be used to satisfy the outstanding indebtedness on the property, but which funds were allegedly not used for that purpose. From a judgment entered on a verdict in favor of the plaintiff, defendant appeals. We affirm.

1. At trial, plaintiff introduced into evidence a document signed by the plaintiff, which, he contended,

evinced a contract of agency with the defendant. The document reads in pertinent part as follows:

"2. Ricky Stansell [plaintiff/appellee] authorizes Clyde Chester Realty [defendant/appellant] to sell said business, fixtures and equipment for $26,000 and further agrees to pay Clyde Chester Realty a commission of 10% of the Sales Price. . .

"3. . . . [A] mortgage of approximately $14,400 . . . shall be paid from the proceeds of this sale.

"4. After paying commission and bank loan, the balance of proceeds to be paid to [plaintiff]. . ."

A. Defendant submits on appeal that the fact that he did not sign the plaintiff's alleged authorization of agency negates the existence of an agency relationship. We must take issue with appellant's contentions.

"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him. . ." Code Ann. § 4-101; *Smith v. Merck,* 206 Ga. 361, 368 (1a) (57 SE2d 326). Contrary to appellant's contentions, a contract of agency signed by both parties is not essential to the creation of the principal-agent relationship. Cf. *Hunter v. Benamy,* 101 Ga. App. 907 (115 SE2d 424), affd. 216 Ga. 511 (117 SE2d 627). See, e.g., *Davidson v. Ramsby,* 133 Ga. App. 128 (2) (210 SE2d 245); *Greenbaum v. Brooks,* 110 Ga. App. 661 (2) (139 SE2d 432). "Existence of an agency may be established by proof of circumstances, apparent relations, and conduct of the parties. [Cit.]" *Larkins v. Boyd,* 205 Ga. 69, 72 (52 SE2d 307).

B. Appellant argues that without his signature on the alleged contract of agency there is no evidence of his assent to plaintiff's authorization of agency. We disagree.

Defendant admitted preparing the document of authorization for plaintiff's signature. There was testimony that defendant orally promised to act as plaintiff's agent for the sale of his property and that defendant further agreed to contact the plaintiff when he had arranged the sale. Thus, contrary to appellant's contentions, there was sufficient evidence from which the jury could conclude that defendant had assented to act as plaintiff's agent for the sale of his business.

C. Defendant's argument that the contract is

unenforceable since it does not create any obligation on the part of the defendant, is also without merit. Clearly, the contract provides for the defendant to sell plaintiff's business to Earl Harris (if so agreed by Harris) for $26,000, subject to the terms set forth in the statement of agency authorization.

Moreover, certain duties devolve upon agents, merely by virtue of their being agents. "The law implies, as a part of the contract by which every agency arises, that the agent agrees to have and exercise towards his principal, diligence, loyalty, and absolute good faith. . ." *Render & Hammett v. Hartford Fire Ins. Co.,* 33 Ga. App. 716 (Hn. 4b) (127 SE 902). Therefore, the contract is not void for lack of mutuality of obligation.

2. Pretermitting the existence of a contract of agency between the parties, defendant contends that plaintiff failed, as a matter of law, to show defendant's breach of such contract. We disagree.

" '[An agent] can have no interest and do no act adverse to the interest of his employer, or incompatible with the application of his best skill, zeal, and diligence to the promotion of that interest.' [Cit.]" *Napier v. Adams,* 166 Ga. 403, 407 (143 SE 566).

" 'The first duty of an agent is that of loyalty to his trust. He must not put himself in relations which are antagonistic to that of his principal. His duty and interest must not be allowed to conflict. He cannot deal in the business within the scope of his agency for his own benefit . . .; nor is he permitted to compromise himself by attempting to serve two masters having a contrary interest, unless it be that such contracts of dual agency are known to each of the principals.' [Cits.]" *Spratlin, Harrington &c., Inc. v. Hawn,* 116 Ga. App. 175, 180 (156 SE2d 402); *Ga. Ins. Service v. Wise,* 97 Ga. App. 461 (103 SE2d 445).

Plaintiff presented evidence that after agreeing to serve as plaintiff's agent, and without plaintiff's knowledge or permission, defendant (apparently as the agent of Lamar Davis) sold plaintiff's business on behalf of Mr. Davis, who claimed ownership of the property. Thus, there clearly was evidence of defendant's breach of his duty of agency to his principal, the plaintiff.

Moreover, the evidence presented at trial does not show, as a matter of law, plaintiff's ratification of defendant's alleged breach of contract. See, e.g., *Griggs v. Dodson,* 223 Ga. 164 (2) (154 SE2d 252); *Harris v. Underwood,* 208 Ga. 247 (4a) (66 SE2d 332); *Butler v. Standard Guar. &c. Co.,* 122 Ga. 371 (3) (50 SE 132); *Weathers Bros. Transfer Co. v. Jarrell,* 72 Ga. App. 317, 334 (33 SE2d 805). See also Code Ann. § 4-303. .

3. Even assuming a valid contract and a breach thereof, defendant asserts that the judgment should be reversed since plaintiff failed, as a matter of law, to establish damages. We reject this argument.

According to defendant's authorization of agency, he was to sell plaintiff's business to Earl Harris for $26,000 (assuming Harris was willing and able to obtain the requisite financing). The business was sold to Harris, but the cash proceeds from the sale were not delivered to the plaintiff as required by the contract.

The plaintiff introduced into evidence his agreement with defendant, which provided for the payment or discharge of his loan and the payment of defendant's commission from the proceeds of the sale of his business. Plaintiff sought relief in an amount equal to the profit he lost on the sale of his business (i.e., $26,000 sales price minus $2,600 commission minus $14,400 loan) plus reimbursement for the $14,400 loan which, contrary to the terms of the agency contract, had not been discharged. After reducing this formula to its simplest terms, the jury would have been authorized to award the sales price minus 10% commission ($26,000 minus $2,600). As the jury's award of $23,400 was authorized by the evidence presented at trial, we find no merit in this enumeration of error.

The burden was upon the defendant to plead and prove any diminution of damages. *Pittman Const. Co. v. Ellis,* 39 Ga. App. 490, 493 (147 SE 420); *Branon v. Ellbee Pictures Corp.,* 42 Ga. App. 293 (2) (155 SE 923); *Davidson v. Consolidated Quarries Corp.,* 99 Ga. App. 359 (8) (108 SE2d 495).

In a related enumeration of error, appellant asserts that the charge on the measure of damages was confusing. A review of the charge shows that it is not subject to this

criticism. In the absence of an appropriate request for a more specific charge, the charge as given was adequate. *Payne v. Rivers,* 28 Ga. App. 28 (5) (110 SE 45).

As the foregoing enumerations of error are without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 7, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 18, 1979 —

*Robert L. Berry, Oscar M. Smith,* for appellant.
*James A. Satcher, Jr.,* for appellee.