1939

Carlee D. CHASTAIN, Respondent v. OWENS CAROLINA, INC., Appellant.

(426 S.E. (2d) 834)

Court of Appeals

*Ronald W. McKinney*, Greer, *for appellant.*

*Hal J. Warlick*, Easley, *for respondent.*

Heard Sept. 16, 1992.

Decided Feb. 1, 1993.

BELL, Judge:

This is a statutory action by an employee seeking lost wages and reinstatement in a job from which he was discharged in retaliation for filing a claim under the Workers' Compensation Law. The action was tried to a jury on the issue of whether the discharge was retaliatory. The jury found for the employee. With the consent of the parties, the court reserved to itself determination of the amount of lost wages the employee should recover. From a judgment awarding $52,930.00 in lost wages, the employer appeals. We affirm in part and reverse in part and remand.

Carlee D. Chastain, the employee, brought this action against Owens Carolina, Inc., his employer, pursuant to S.C. Code Ann. § 41-1-80 (Supp. 1992), which authorizes an employee who has been discharged for instituting a workers' compensation proceeding to bring an action against his employer for lost wages suffered as a result of the retaliatory discharge. The circuit court found Owens had employed Chastain for about eight years before his wrongful discharge on April 9, 1989. At the time of his discharge, Chastain was a stocker and truck driver for the company. He worked sixty hours a week, for which Owens paid him $620.00 plus a "bonus" of $50.00, for a total weekly wage of $670.00. Although the "bonus" could be deducted from his pay if errors were reported in his work for the week, there were only a few weeks out of his entire time at Owens that he did not receive it. Accordingly, the court found he would have regularly received the weekly "bonus" had he not been discharged. After his discharge, Chastain was unemployed for nine weeks until he found another job as a truck driver earning $280.00 for a forty hour work week. He worked at this job until the time of trial.

## I.

Owens first argues the circuit court should have reduced the lost wages award by the amount Chastain earned from his alternative employment during the period of wrongful discharge, because he was under a duty to avoid damages that reasonably could be avoided. *See Tri-Continental Leasing Corp. v. Stevens, Stevens & Thomas, P.A.,* 287 S.C. 338, 338 S.E. (2d) 338 (Ct. App. 1985).

The applicable rule of law has been clearly stated by the Supreme Court in *Smalls v. Springs Industries, Inc.,* 300 S.C. 481, 388 S.E. (2d) 808 (1990):

> The doctrine of avoidable consequences operates in wrongful discharge actions, as in others, to permit a wrongfully discharged employee to recover only damages for losses which, in the exercise of due diligence, he could not avoid. The employee's so-called duty to mitigate his damages permits the employee to recover the amount of his losses caused by the employer's breach reduced by the amount the employee obtains, or through reasonable

diligence could have obtained, from other suitable employment. [Citations omitted.]

Accordingly, the circuit court erred when it failed to reduce the award of lost wages by the amount Chastain obtained from his other employment during the period of wrongful discharge.

## II.

Owens next contends the circuit court should have reduced the lost wages award by $200.00 a week, because Chastain obtained alternative employment for only forty hours a week instead of the sixty hours he worked at the job from which he was wrongfully discharged. The evidence shows Owens originally hired Chastain as a salaried employee for a forty hour work week. He also worked a second job as a projectionist at a movie theater for twenty hours a week. Owens and Chastain later agreed that he would quit the movie theater job and work for the company sixty hours a week at increased pay of $620.00 a week, a raise of $200.00 a week. On this basis, Owens now argues Chastain failed to mitigate his damages by taking on a second job paying $200.00 a week after they wrongfully discharged him. This argument is without merit.

Although the law requires an injured party to do those things a prudent person would do to avoid damages that are reasonably avoidable, it does not require him to exert himself unreasonably or to incur substantial expense to avoid damages. *Tri-Continental Leasing Corp. v. Stevens, Stevens & Thomas, P.A.*, *supra*. Moreover, the party who claims damages should have been minimized has the burden of proving they could reasonably have been avoided or reduced. *Id.*

Owens makes the naked assertion that Chastain would have reduced his lost wages by $200.00 a week if he had worked sixty hours a week at one or more jobs after they discharged him. However, they adduced no evidence that such work was reasonably available or that it would have paid $200.00 a week. Whether an employee has fully mitigated his damages is a question of fact to be determined from the circumstances of each case. *See Smalls v. Springs Industries, Inc.*, *supra; Mixson v. Rossiter*, 223 S.C. 47, 74 S.E. (2d) 46 (1953). On this record, we conclude Chastain made a reason-

able effort to avoid damages by actually obtaining full time employment as a truck driver with another employer. In the circumstances, the law required no more of him.

## III.

Owens also argues the circuit court should have reduced the award of lost wages by $50.00 a week attributable to the employee "bonus" program, because the "bonus" was not an assured part of Chastain's regular earnings. The court found to the contrary that Chastain had in fact received the weekly "bonus" almost without fail in the many years he had worked for Owens. Thus, the Court concluded he would in fact have continued to receive the "bonus" had he not been discharged. Owens offered no evidence to contradict this inference. The court's finding of fact on this point is amply supported by the evidence and the reasonable inferences to be drawn therefrom. Accordingly, there is no ground for reversal on this issue. *See Metze v. Meetze*, 231 S.C. 154, 97 S.E. (2d) 514 (1957) (findings of fact supported by preponderance of evidence will not be reversed on appeal).

## IV.

Finally, Owens asserts the circuit court should have reduced the lost wages award by the amount of state and federal taxes it would have been required to withhold from his earnings had he not been discharged. They base this argument on the proposition that, as a matter of law, a judgment awarding lost wages is not subject to income taxation. We reject this argument as based on an erroneous statement of law. *See United States v. Burke*, — U.S. —, 112 S. Ct. 1867, 119 L. Ed. (2d) 34 (1992) (back pay awards not excludable from gross income for tax purposes). In addition, Owens offered no proof of the dollar amount that would have been withheld from Chastain's pay if he had not been wrongfully discharged. Furthermore, the method Owens used for computing the claimed reduction in damages was flawed, because it failed to take into account the amount of withholding deducted from Chastain's gross pay at his alternative job during the period of wrongful discharge.

For the reasons given, we reverse the award of lost wages and remand for a reduction of the award by the amount of

wages Chastain earned at his alternate employment during the period of wrongful discharge. The judgment is affirmed in all other respects.

Affirmed in part, reversed in part and remanded.

SHAW and CURETON, JJ., concur.