**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The Shops at Wescott, LLC, Respondent,

v.

Sake House IV, Inc. d/b/a Sake House, and Lei Jiang, Appellants.

Appellate Case No. 2022-000077

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-374
Submitted November 9, 2023 – Filed November 22, 2023

———————

**AFFIRMED**

———————

Evan Adam Smith, of Evan Smith Law Firm, LLC, of Mount Pleasant, for Appellants.

Adam Mlynarczyk, C. Brandon Belger, and William Mark Koontz, all of Koontz Mlynarczyk, LLC, of North Charleston; and Ryan Alexander Love, of Charleston, all for Respondent.

———————

**PER CURIAM:** Sake House IV, Inc. d/b/a Sake House and Lei Jiang (collectively, Appellants) appeal an order from the trial court. On appeal,

Appellants argue the trial court erred by finding Appellants (1) had total liability for breach of contract because The Shops at Wescott, LLC (The Shops) failed to meet its burden of proof regarding mitigation of damages and (2) were liable for actual damages related to conversion because The Shops failed to meet its burden of proof regarding conversion. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court's finding that The Shops "properly mitigated its damages through its attempt to re-lease the Property" was reasonably supported by the evidence. Brian Aiken, one of the managing members of The Shops, testified he tried to re-lease the space "in a number of ways," including preparing marketing material and distributing it to the brokerage community, adding the listing to Multiple Listing Service, and reaching out to commercial brokers that specialized in restaurateurs. Appellants failed to present any evidence to support their contention that The Shops' actions to rent the property were inadequate or improper, and thus, Appellants failed to sustain their burden of proving The Shops failed to mitigate damages. *See McCall v. IKON*, 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct. App. 2008) ("On appeal of an action at law tried without a jury, the findings of fact of the trial court will not be disturbed unless found to be without evidence which reasonably supports the trial court's findings."); *id.* ("Stated another way, the trial court's findings of fact will not be disturbed on appeal unless wholly unsupported by the evidence or unless it clearly appears the findings were influenced or controlled by an error of law." (quoting *Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 127, 631 S.E.2d 252, 255 (2006))); *id.* ("In such a case, the trial court's findings are equivalent to a jury's findings in a law action. Further, questions concerning credibility and the weight to be accorded evidence are exclusively for the trial court." (citation omitted)); *Baril v. Aiken Reg'l Med. Ctrs.*, 352 S.C. 271, 285, 573 S.E.2d 830, 838 (Ct. App. 2002) ("A party injured by the acts of another is required to do those things a person of ordinary prudence would do under the circumstances, but the law does not require him to exert himself unreasonably or incur substantial expense to avoid damages."); *Moore v. Moore*, 360 S.C. 241, 262, 599 S.E.2d 467, 478 (Ct. App. 2004) ("Moreover, the party who claims damages should have been minimized has the burden of proving they could reasonably have been avoided or reduced." (quoting *Chastain v. Owens Carolina, Inc.*, 310 S.C. 417, 420, 426 S.E.2d 834, 835 (Ct. App. 1993))); *Genovese v. Bergeron*, 327 S.C. 567, 573, 490 S.E.2d 608, 611 (Ct. App. 1997) ("The tenant failed to present any evidence showing what types of advertising would have been reasonable, how much sooner the landlords could have rented or sold the property through other methods, or that the landlords' actions to rent the property were inadequate or improper. We conclude, therefore, the tenant failed to sustain her

burden of proving the landlords could have reasonably avoided or reduced their damages.").

We find the two-issue rule precludes this court's consideration of issue two. The trial court found Appellants were "jointly and severally liable to [The Shops] for negligence and conversion in the amount of twenty-two thousand and 00/100 ($22,000.00) dollars"; however, Appellants only appealed the conversion ruling in their appellate brief. Thus, this court finds this issue procedurally barred by the two-issue rule. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated on other grounds by Repko v. Cnty. Of Georgetown,* 424 S.C. 494, 818 S.E.2d 743 (2018))); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.