## IN THE MATTER OF D. LANDRUM HARRISON.
### (SUPREME COURT DISCIPLINARY No. 265)
#### (335 SE2d 564)

PER CURIAM.

Disciplinary proceedings were brought against D. Landrum Harrison, a Georgia lawyer, by the State Bar. The report of the State Disciplinary Board reveals: Respondent was employed by a woman to qualify in her stead as the administrator of her deceased mother's estate. The rules of the Richmond County Probate Court required persons offering documents for probate to employ counsel, unless they

were an attorney. Respondent signed all pleadings of the estate for the law firm of which he was a partner. Respondent employed a bank to handle all bookkeeping and accounting matters of the estate. He received $5,500 from the estate for professional services rendered.

During the course of administration of the estate respondent received large sums of money on behalf of the estate, including proceeds from the sale of assets in Great Britain, substantial portions of which he converted to his own use either directly or after commingling with his personal funds and those of his law firm. After these events were made known, Cincinnati Insurance Company paid partial restitution to the estate under its bond. In connection with that transaction, Respondent signed a promissory note to Cincinnati in repayment for the money it paid under its bond and gave a signed affidavit admitting he converted funds of the estate to his own use.

The State Disciplinary Board, acting through its chairman, Manley F. Brown, entered the following conclusions of law which we hereby adopt:

"The Formal Complaint of the State Bar of Georgia charges Respondent with violating the disciplinary standards of the State Bar in two separate counts. Standard 4, alleged in the first count is premised on a finding that Respondent was acting in a professional capacity. Standards 61, 63 and 65 of Count One are dependent on the existence of an attorney-client relationship between Respondent and the Estate. The second count charges Respondent with a violation of Standards 4 and 65 on the basis that Respondent failed to account for trust property held in a fiduciary capacity, and does not require a finding that there was an attorney-client relationship. The conclusions of the Board with respect to counts one and two are set forth in detail below.

"*COUNT ONE*

"1. Standard 4

Standard 4 of Bar Rule 4-102 provides that a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation. The first element of this standard requires a finding that the lawyer was acting in his professional capacity. The second element requires that the lawyer's conduct involved dishonesty, fraud, deceit or wilful misrepresentation.

"At all times relevant to this case, Respondent was a member of the State Bar of Georgia. Respondent was appointed Administrator to the Estate of Gwendolen Ellis Jones by a probate court judge who required all administrators to retain counsel. Respondent signed all pleadings on behalf of the estate for the law firm of Harrison & Roper. Respondent submitted statements to the Estate for professional services rendered to the Estate. Respondent retained C & S Bank as his agent to handle the bookkeeping and accounting matters

for the Estate that did not require legal expertise. Finally, in the opinion of the probate judge of Richmond County, Respondent was acting in a dual capacity as an attorney and administrator for the Estate.

"Based on the foregoing facts, the Board concludes that Respondent was acting in a professional capacity within the meaning of Standard 4 of Bar Rule 4-102. *In the Matter of Brooks*, 249 Ga. 556 (1982).

"With respect to the second element of Standard 4, Respondent failed to account to the Jones Estate for funds belonging to the Estate that came within his control and possession. Furthermore, Respondent converted the assets of the Estate to his own use. On this basis, the Board concludes that Respondent's conduct involves dishonesty, fraud and deceit in violation of Standard 4 of Bar Rule 4-102.

"2. Standards 61 and 63

"Standards 61 and 63 require an attorney-client relationship. Based on the facts cited in the discussion of Standard 4 above, particularly the fact that Respondent probated the Estate in the Probate Court in Richmond County which required that an attorney handle all probate matters, the Board finds that Respondent was acting as attorney for the estate of Gwendolen Ellis Jones within the meaning of Standards 61 and 63.

"In his capacity as attorney for the Estate, Respondent owed a duty to the Estate to promptly notify the Estate of receipt of funds or other property and to promptly deliver such funds to the Estate. The facts in this case establish beyond a reasonable doubt that Respondent failed to notify or deliver to the Jones Estate approximately $78,000 belonging to the Estate which came into his possession and control in violation of Standard 61 of Bar Rule 4-102.

"In addition to his failure to notify and deliver, Respondent was unable to provide any accounting for the proceeds of the British assets of the Estate which were deposited in his escrow account on December 1, 1978. On this basis, the Board concludes that Respondent has violated Standard 63 of Bar Rule 4-102 which requires that a lawyer maintain complete records of all funds of a client coming into his possession and promptly render appropriate accounts to his client regarding them.

"3. Standard 65

"Standard 65 of Bar Rule 4-102 provides that a lawyer shall not commingle his clients funds with his own, and shall not fail to account for trust property, including money, held in a fiduciary capacity. A breach of either element of Standard 65, a commingling or a failure to account, is sufficient to subject an attorney to disciplinary action. *In the Matter of Dowdy*, 247 Ga. 488, 492 (1981).

"The facts in this case establish beyond a reasonable doubt that

Respondent violated both elements of Standard 65. Respondent commingled the Estate's funds with his own by transferring approximately $56,500 of the Estate's money to his general operating account from which bills and operating expenses were paid. Since Respondent was in effect a sole practitioner, this was tantamount to converting these funds to his own use. Furthermore, Respondent transferred $27,000 from his general operating account to his personal checking account. As concluded above with respect to Standard 63, Respondent also failed to account to the Estate for funds entrusted to him which is a violation of the second element of Standard 65. As noted in footnote one (1) in the *Dowdy* case, supra, the second part of Standard 65 may not require an attorney-client relationship. This issue is raised in Count Two of the State Bar's Formal Complaint and will be discussed in more detail below.

"*COUNT TWO*

"Count Two of the formal Complaint alleges violations of Standards 4 and 65 of Bar Rule 4-102. The alleged violations of these standards are not premised on a finding of an attorney-client relationship. While the facts in this case are sufficient to find an attorney-client relationship, the Board nevertheless finds in the alternative on Count Two in the interest of submitting a complete and well considered opinion to this Court.

"1. Standard 4

"With respect to Standard 4, the *Brooks* case, supra, establishes that an attorney-client relationship is not necessary in order to find that an attorney was acting in a professional capacity. Assuming there was no attorney-client relationship between Respondent and the Jones Estate, the Board concludes that Respondent was nevertheless acting in a professional capacity. Respondent probated the Estate in the Probate Court of Richmond County. It was the policy of the Probate Court Judge that any person offering documents for probate must employ counsel. Respondent did not employ independent counsel to perform this function for the estate. In addition, Respondent's law firm, Harrison & Roper, appears on all pleadings regarding the Estate of Gwendolen Ellis Jones. Respondent submitted statements for professional services to the Estate. Finally, Respondent retained the C & S Bank as his agent to perform nonlegal services for the Estate.

"Standard 4 also requires a finding that the attorney's conduct involved dishonesty, fraud, deceit or wilful misrepresentation. Based on the findings that Respondent failed to account to the Estate of Gwendolen Ellis Jones for approximately $78,000 and Respondent converted these funds to his own use, the Board concludes that Respondent's conduct was dishonest, fraudulent and deceitful in violation of Standard 4.

"2. Standard 65

"Count Two of the Formal Complaint also charges Respondent with a violation of Standard 65 on the theory that Respondent failed to account for property of the Estate of Gwendolen Ellis Jones held in a 'fiduciary capacity'. This theory is mentioned in footnote one (1) of the *Dowdy* opinion, supra. In his Answer to the Formal Complaint, Respondent contends that he is not subject to discipline because he acted in his capacity as an administrator, not as an attorney. As administrator for the Estate of Gwendolen Ellis Jones, Respondent owed a fiduciary responsibility to the Estate. This responsibility was breached when Respondent failed to account for Estate funds and converted the funds to his own use. These actions on the part of a lawyer serving in a fiduciary capacity are just as reprehensible as if the lawyer had been handling the money of a client to whom he would have the same fiduciary responsibility. The Board therefore concludes that Respondent breached his fiduciary duty to the Estate by failing to account to the Estate for funds entrusted to him, in violation of Standard 65 of Bar Rule 4-102."

The Board recommended that Respondent be disbarred from the practice of law in the State of Georgia. We follow that recommendation. It is ordered that D. Landrum Harrison be stricken from the roll of attorneys allowed to practice law in this state.

*It is so ordered. All the Justices concur.*

DECIDED OCTOBER 29, 1985.

*William P. Smith III, General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.