bleness standard to counsel's performance and requires that the defendant establish " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Tarwater v. State*, 259 Ga. 516, 518 (383 SE2d 883) (1989), quoting *Hill*, supra at 59. Neither the guilty plea transcript, nor the habeas court's order, confirms that Greene established ineffective assistance under *Hill*. In finding that Greene's counsel was ineffective, the habeas court addressed counsel's actions after the guilty plea was entered and erroneously applied a "totality of the circumstances test." However, a remand on the issue of ineffective assistance of counsel would serve no purpose because the writ was correctly granted based upon the involuntariness of the plea.

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents as to Division 1 and the judgment.*

DECIDED OCTOBER 23, 1995.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General,* for appellant.

Derrick A. Greene, *pro se.*

S95Y1374, S95Y1375, S95Y1376. IN THE MATTER OF FREDDIE DARNELL HARRELL (three cases).

(462 SE2d 753)

PER CURIAM.

After an investigation into three grievances, the Investigative Panel of the State Disciplinary Board found probable cause to believe that Freddie Darnell Harrell engaged in conduct in violation of numerous Standards of Bar Rule 4-102 which are punishable by disbarment and recommended that he be disbarred. Respondent was served by publication under Bar Rule 4-208.2 (e), failed to reject the notices within 30 days as required by Bar Rule 4-208.3 (a), and is in default. Bar Rule 4-208 (b).

*Supreme Court Disciplinary No. S95Y1374*

Respondent was retained by a criminal defendant's father to represent him on appeal from his convictions of felony murder and aggravated assault. He filed a notice of appeal but did not file an enumeration of errors or brief despite orders to do so from this Court. After being found in wilful contempt for failure to prosecute the appeal, he was suspended from practice before the court and fined. He

misrepresented the status of the appeal to the defendant's father, did not appear for scheduled meetings, or return his phone calls. The father was forced to retain another appellate attorney to represent his son. Harrell did not return the unearned portion of the fee to the father or respond to the disciplinary authorities.

The Investigative Panel found probable cause to believe that Respondent engaged in conduct in violation of Standards 4, 22, 23, 44, 45, 61, 63, 65, and 68 of Bar Rule 4-102, and it recommended that he be disbarred.

### Supreme Court Disciplinary No. S95Y1375

Mr. Dotson retained Respondent to represent him in a personal injury case arising from a vehicle collision. Respondent received a $2,167.83 check from an insurer and offered to have his auto body shop repair the vehicle. Respondent did not file an action on behalf of his client, have his body shop make the repairs, return the insurance proceeds to his client, or account for any settlement received on behalf of Mr. Dotson. The Investigative Panel found probable cause to believe that Respondent engaged in conduct in violation of Standards 3, 4, 22, 23, 44, 45, 61, 62, 63, 65, and 68 of Bar Rule 4-102, and it recommended that he be disbarred.

### Supreme Court Disciplinary No. S95Y1376

Ms. Porter retained Respondent to represent her in a personal injury case in 1990. He did not communicate with her between the time he was retained and 1994, and he failed to notify her of a settlement offer. The Investigative Panel found probable cause to believe that he engaged in conduct in violation of Standards 4, 22, 23, 44, 45, 61, 63, 65, and 68 of Bar Rule 4-102, and recommended that he be disbarred.

Upon consideration of the record in this case, this Court hereby adopts the Investigative Panel's recommendation. Freddie Darnell Harrell is hereby disbarred, and it is ordered that his name be removed from the roll of attorneys licensed to practice law in Georgia.

Harrell is reminded to protect the interests of his clients and to comply fully with the requirements of Bar Rule 4-219 (c). If he ever seeks reinstatement, he will have to comply with all of the requirements for reinstatement in place at that time.

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 23, 1995.

*William P. Smith III, General Counsel State Bar, Marie L.*

*McCarthy, Assistant General Counsel State Bar*, for State Bar of Georgia.

## S95G0636. YARN v. THE STATE.
(462 SE2d 359)

CARLEY, Justice.

Appellant was tried before a jury and found guilty of the sale of cocaine and of the possession of cocaine with intent to distribute. On appeal to the Court of Appeals, he enumerated as error the trial court's failure to give an unrequested charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6. In a whole-court decision, the Court of Appeals found no merit in this enumeration and affirmed the convictions. *Yarn v. State*, 215 Ga. App. 883 (452 SE2d 537) (1994). We granted appellant's petition for certiorari to review that decision.

1. By its terms, OCGA § 24-4-6 relates to when a conviction may be had "on circumstantial evidence. . . ." Nevertheless, *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) and *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994) established the bright-line rule that it is error to fail to give a *request* to charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6 when the State's case includes *both* direct and circumstantial evidence. *Robinson* and *Mims* were motivated by a desire to avoid the difficult determination of whether the State's case is composed wholly of circumstantial evidence. Although that difficult determination can arise in any case, it does not necessarily follow that the failure to give the charge is error where no request has been made. A defendant is relieved from the necessity of requesting instructions *only* " 'where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' [Cit.]" *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993). It is a rare case that does not include both direct and circumstantial evidence and the omission of a charge on circumstantial evidence as set forth in OCGA § 24-4-6 is not harmful or erroneous as a matter of law where there is some direct evidence and the jury is properly charged on reasonable doubt. Accordingly, when the State's case includes both direct and circumstantial evidence, a defendant is not relieved from the necessity of requesting the charge and, in the absence of such a request, it is not error to fail to give it.

However, *Robinson* and *Mims* did not address the long-standing rule that it is error for the trial court to fail to give an appropriate charge on circumstantial evidence, even without request, if the State's case is composed *solely* of such evidence. *Hamilton v. State*, 96 Ga.