S96Y0765, S96Y1184, S96Y1299. IN THE MATTER OF
MARK WEBER.
(471 SE2d 864)

PER CURIAM.

Respondent Mark Weber was personally served with three Notices of Discipline for his disbarment. He did not file Notices of

Rejection and he is in default. See Bar Rule 4-208.1 (b). All three Notices arose from his conduct as a real estate closing attorney.

## Case No. S96Y0765

The Investigative Panel of the State Disciplinary Board recommended that the Respondent be disbarred for his violation of Standards 61 (failing to deliver funds to a client); 63 (failing to render appropriate accounts to a client regarding funds); and 65 (failing to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d).

The Investigative Panel based its findings of probable cause on the following facts. The Respondent conducted a real estate closing for Option One Mortgage Corporation. He executed the closing statement and properly showed that the grievant, Mrs. Pair, was to receive $31,018.36 from the transaction. The Respondent did not disburse the proceeds to Mrs. Pair. Approximately two weeks later the Respondent delivered a check drawn on his escrow account to Mrs. Pair, but the bank refused to honor it because of insufficient funds. The Respondent later sent Mrs. Pair a check for the amount due and he admitted that he personally obtained the funds he forwarded to Mrs. Pair. He did not pay her with the funds that went into his escrow account at the closing.

## Case No. S96Y1184

The Investigative Panel recommended that the Respondent be disbarred for violations of Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); 61 (failing to promptly notify a client of receipt of the client's funds and failing promptly to deliver the funds to the client); 63 (failing to maintain a complete record of all the client's funds in the lawyer's possession and promptly rendering appropriate accounts to the client); 65 (failing to account for trust property, including money, held in a fiduciary capacity); and 68 (failing to respond properly to disciplinary authorities) of Bar Rule 4-102 (d).

The Investigative Panel based its findings of probable cause on the following facts. The Respondent conducted a closing for Tower Financial. The grievants, Donna and Charles Collins, were refinancing the mortgage on their home. The Respondent received $2,000 from the loan proceeds that he was to hold in escrow until certain conditions precedent had been satisfied. When the grievants requested the return of the money he told them that he had forwarded the money to the mortgage holder and when they asked for proof he told them his records were being audited and he did not have his records. The

grievants contacted the mortgage company and learned that the funds had not been forwarded.

### Case No. S96Y1299

The Investigative Panel found probable cause to believe that the Respondent violated Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 44 (wilfully abandoning or disregarding a legal matter entrusted to him); 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); 61 (failing to promptly notify a client of receipt of the client's funds and failing promptly to deliver the funds to the client); 63 (failing to maintain a complete record of all the client's funds in the lawyer's possession and promptly rendering appropriate accounts to the client); 65 (failing to account for trust property, including money, held in a fiduciary capacity); and 68 (failing to respond properly to disciplinary authorities) of Bar Rule 4-102 (d). It based its findings on the following. The Respondent applied for membership in Attorney's Title Guaranty Fund, Inc., in April 1994. However, he failed to reveal on his application that Steward Title and First American Title Insurance Company had canceled him. The Respondent collected title insurance premiums at 70 real estate closings, but he did not forward the premiums to Attorney's Title Guaranty Fund, Inc. He did not maintain adequate records of his trust account and they paid him to complete title searches and reports that he did not complete.

The Investigative Panel considered the following factors in aggravation. The Respondent did not respond to the Notices of Investigation, he converted fiduciary funds and caused injury to others, and he has extensive experience in the practice of law. He became a member of the State Bar of Georgia in 1976.

Although we agree that the Respondent has violated multiple Standards by his misconduct, we do not agree that he violated Standards 61 and 63 in Case Nos. S96Y0765 or S96Y1184 for the reasons that follow. Standards 61 and 63 require an attorney-client relationship. See *In the Matter of Harrison*, 255 Ga. 77, 79 (335 SE2d 564) (1985); *In the Matter of Dowdy*, 247 Ga. 488 (277 SE2d 36) (1981). The Respondent represented the mortgage companies, not Mrs. Pair or Mr. and Mrs. Collins, at the closings and there is no evidence of an attorney-client relationship between these grievants and the Respondent. See *In the Matter of Dowdy*, 247 Ga. 488, 491, supra (an attorney-client relationship may be implied from the parties' conduct if there is sufficient evidence that the purported client sought and received advice or assistance from the attorney in matters pertinent to his profession). No findings of fact support an attorney-client rela-

tionship or violations of Standards 61 and 63 of Bar Rule 4-102 (d) in Case Nos. S96Y0765 or S96Y1184.

We agree with the Investigative Panel that Mark Weber has violated the Standards as we have discussed. He has converted fiduciary funds and caused potential injury to the grievants. He has extensive experience in law, failed to respond to disciplinary authorities, and the appropriate discipline for his egregious and repetitive misconduct is disbarment.

This Court hereby orders that Mark Weber is disbarred from the practice of law in Georgia and that his name be stricken from the roll of those licensed to practice law in this state.[1] He is reminded of his obligations under Bar Rule 4-219 (c) (1) and (2).

*Disbarred. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED JULY 1, 1996.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[1] Because Respondent is disbarred, a fourth Notice of Discipline (Case No. S96Y1404) is held as inactive. It will be considered by this Court should Respondent petition for reinstatement as provided for in Bar Rule 4-301.