### S96Y1128. IN THE MATTER OF WALDEN G. HOUSMAN, JR.
(485 SE2d 202)

PER CURIAM.

Respondent Walden G. Housman, Jr.'s pending disciplinary problems began in 1989, shortly after he received a $4,200 settlement in a suit in which he represented the complainant. Respondent deposited the proceeds of the settlement in his escrow account but, despite the client's repeated requests, did not remit to the client its two-thirds' share of the settlement. Twenty-two months after receiving the settlement payment, Respondent remitted $2,000 to the client. When the client brought the $800 shortage to Respondent's attention, Respondent promised to issue a check for the amount due, but did not do so until the client threatened to file a grievance with the State Bar of Georgia. The client received the last installment of the payment of its share of the settlement two years after the Respondent received the settlement, and filed a grievance with the State Bar in May 1991.

Respondent did not file a response to the Notice of Investigation, and the Investigative Panel found probable cause to believe that Respondent had violated several standards of Rule 4-102 of the Rules and Regulations of the State Bar of Georgia. The State Bar of Georgia filed a formal complaint against Respondent in February 1993. A long period of discovery, during which the State Bar amended its formal complaint several times, culminated with a hearing before the special master in April 1995. In his final order, the special master found that Respondent had violated Standards 44 (wilful abandonment or disregard of a legal matter entrusted to Respondent), 61 (client to be notified promptly of the receipt of funds and funds shall be delivered promptly to client), 63 (an attorney shall maintain complete records of all funds of a client which come into the attorney's possession and shall promptly render appropriate accounts to the cli-

ent), and 68 (failure to respond to disciplinary proceedings), but found that there was no evidence of a violation of Standard 65 (commingling of client and attorney funds). In March 1996, the review panel adopted the special master's findings of fact and his legal conclusions concerning Standards 61, 63, and 65. However, the review panel disagreed with the special master's conclusion that Standard 44 had been violated, and recommended imposition of discipline in the form of a public reprimand. The State Bar has filed exceptions to the report of the review panel, contending that the panel interpreted Standard 44 too narrowly and applied the wrong standard in recommending a public reprimand as the appropriate sanction in this case.[1]

1. We address first the difference of opinion concerning the scope of Standard 44, which states that "[a] lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him." The issue is whether the disbursement of funds received by an attorney on behalf of a client is a legal matter entrusted to the attorney. The review panel noted that the complaint lodged against Respondent did not concern his handling of the substance of the matter entrusted to him or the result obtained, but only his failure to deliver promptly the client's funds to the client. Reasoning that Standards 61 and 63 covered the Respondent's failure to remit the settlement funds promptly to the client, the review panel determined that Respondent did not wilfully abandon or disregard a legal matter when he did not promptly send the funds to the client.

We disagree with the review panel. When a client entrusts a legal matter to an attorney, the lawyer has an obligation to pursue the matter on behalf of the client until the attorney-client relationship is terminated or the legal matter is resolved through settlement or entry of a judgment. Resolution of the legal matter includes the receipt of funds on behalf of the client and the disbursement of funds to the client. The legal matter entrusted to the attorney is not concluded until the client receives the funds due it or the funds are deposited with a third party should the attorney and the client dispute the amount to be retained by the attorney as a fee. Respondent's failure to deliver promptly to the client its portion of the settlement proceeds constitutes a violation of Standard 44 as well as Standards 61 and 63. See, e.g., *In the Matter of Weber*, 266 Ga. 883 (471 SE2d

---

[1] The State Bar also raises an evidentiary ruling made by the special master. Our review of the record reflects that counsel for the State Bar chose not to seek admission of the documents at issue after recognizing that she had not complied with OCGA § 7-1-360 (c). The special master denied the State Bar's motion to compel production of the documents, and the denial of that motion was never made an issue before the review panel.

864) (1996); *In the Matter of Amodeo*, 264 Ga. 622 (449 SE2d 607) (1994); *In the Matter of Carmichael*, 260 Ga. 323 (394 SE2d 912) (1990).

2. Despite reaching a different conclusion than the review panel regarding the scope of Standard 44 and in measuring Respondent's conduct against that standard, we nonetheless agree with the panel that a public reprimand is the appropriate sanction for Respondent's conduct. Factors we have considered in mitigation include: this is the first time we have defined Respondent's conduct as constituting a violation of Standard 44; Respondent disbursed the amount owed to the client before disciplinary proceedings were filed; Respondent was cooperative with the disciplinary authorities; Respondent has continued to practice law during the six-year life of this disciplinary action without any grievances having been filed; the testimony from numerous members of the State Bar concerning Respondent's high moral character and his exceptional qualifications to practice law; and none of the delays which have occurred in various stages of the disciplinary process were caused by Respondent. A number of attorneys have been disbarred for violating Standards 44, 61, and 63; however, those cases have involved multiple instances of an attorney's misconduct or a finding that the attorney engaged in fraudulent or deceptive conduct (Standard 4), neither of which situation is present here. See, e.g., *In the Matter of Weber*, supra, 266 Ga. 883; *In the Matter of Harrell*, 265 Ga. 785 (462 SE2d 753) (1995); *In the Matter of Amodeo*, supra, 264 Ga. 622. The presence of the mitigating circumstances, especially the fact that Respondent made full payment to the client prior to the initiation of the disciplinary action make this proceeding similar to *In the Matter of Carmichael*, supra, 260 Ga. 323, wherein this Court agreed that a public reprimand was appropriate upon the attorney's prompt reimbursement of the client.

We have reviewed the record and agree with the review panel that a public reprimand is appropriate discipline for Respondent's violations of the Standards of Conduct. Accordingly, it is hereby ordered that the review panel, its Chairperson, or the Chairperson's designee, prepare a public reprimand for Respondent's violations of Standards 44, 61, and 63, and that said public reprimand be read in open court in Respondent's presence by a judge of the superior court of the county in which Respondent resides. Bar Rule 4-220 (c).

*Public reprimand. All the Justices concur. Carley, J., disqualified.*

DECIDED MAY 12, 1997.

*William P. Smith III, General Counsel State Bar, K. Gene Chap-*

*man, Assistant General Counsel State Bar,* for State Bar of Georgia. *John W. Timmons, Jr.,* for Housman.