### S97Y1725. IN THE MATTER OF JAY WILLIAM BOULDIN.
(493 SE2d 917)

PER CURIAM.

This disciplinary proceeding presents the questions of whether under the admitted facts respondent Jay William Bouldin violated Standards 31 (charging an illegal or excessive fee), 64 (failure to pay a final judgment against the lawyer for money collected as a lawyer within ten days after the judgment), and 65 (A) (commingling client funds with that of the lawyer and failure to account for trust property) of Bar Rule 4-102 and, if so, what is the appropriate sanction. We conclude that Bouldin violated all three professional standards by disobeying federal court orders and refusing to return his client's money and that disbarment is the appropriate sanction.

The facts are undisputed as the special master correctly found Bouldin in default, having failed to answer the State Bar's properly served formal complaint. Bar Rule 4-212 (a). Accordingly, Bouldin is deemed to have admitted the charges against him. The admitted facts are that Tara Wrecker Service hired Bouldin to file a Chapter 11 bankruptcy petition and paid him $3,000 plus a $500 filing fee for that purpose. Bouldin filed the petition on behalf of Tara and deposited the $3,000 fee in his operating account without filing an application for employment as counsel for the debtor's estate, which the bankruptcy rules require before an attorney may collect attorney fees. Subsequently he filed a disclosure of compensation, also required under the bankruptcy rules, declaring his receipt of the $3,500. After he filed the petition for Tara, Bouldin accepted an additional $2,000 fee without filing an application to receive post-petition fees from the debtor's estate as required by the bankruptcy rules.

The trustee, after learning of the post-petition payments to Bouldin, filed a Motion for Review of Attorney Fees paid to Bouldin. Following a hearing, the bankruptcy court ordered Bouldin to disclose and disgorge all compensation the debtor had paid him. The court denied Bouldin's subsequent motion for reconsideration, ordered him to fully comply with the court's initial order, and further ordered that Bouldin be fined $100 a day for each day that Bouldin did not comply with the initial order of disclosure and disgorgement. Bouldin has never complied with the bankruptcy court's order, although it was affirmed by the federal district court, and has not paid the judgment subsequently entered against him by the bankruptcy court.

We agree with the State Bar that the Review Panel majority, in finding insufficient factual support for an excessive fee in this case, misconstrued the State Bar's allegations in its complaint. Standard 31 prohibits both illegal and excessive fees, and the State Bar alleged the former in this case. There is no question that the fees collected by Bouldin were prohibited under the bankruptcy rules and were, accordingly, illegal. We agree with the majority of the Review Panel and the special master that the facts also support the State Bar's allegations that Bouldin violated Standards 64 and 65 (A). Standard 64 makes it an offense under the disciplinary rules to fail to pay a final judgment against a lawyer for money collected as a lawyer within ten days after the judgment. Bouldin violated this standard when he failed to comply with the bankruptcy court's order requiring him to disgorge the funds he held as counsel for his client's estate.[1] With regard to Standard 65 (A), prohibiting commingling of client and personal funds and requiring accounting of trust property, Bouldin violated this standard when he deposited the unauthorized fees collected from his client and failed to account to the bankruptcy court for the funds he had received from the client's estate.

We turn next to the appropriate sanction to impose. The State Bar seeks and the special master recommends disbarment; the Review Panel recommends a suspension of a minimum of 12 months or an indefinite suspension if Bouldin fails to refund the amounts he received from his client, less any actual expenses, that the bankruptcy court had ordered him to disgorge. We agree with the special master and the State Bar that disbarment is appropriate. Disbarment is generally appropriate where a lawyer knowingly converts client property, causing injury or potential injury to a client. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 4.11. Here, Bouldin refused to disgorge the money that he had received from his client and that rightly belonged to the client's estate, even after the federal courts ordered him to do so. Under the circumstances, including the lack of any mitigating factors, disbarment is the appropriate sanction.[2]

For the above reasons, Jay William Bouldin is disbarred from the

---

[1] We disagree with the State Bar that Bouldin's failure to comply with the bankruptcy court's final judgment against Bouldin constitutes a violation of Standard 64, as that final judgment was one for a fine against Bouldin, rather than for money collected by him as a lawyer. There is simply no support for the position of the minority of the Review Panel that Standard 64 applies only to trust funds or "money of their clients" as used in OCGA § 15-19-16.

[2] See *In the Matter of D. Landrum Harrison*, 255 Ga. 77 (335 SE2d 564) (1985) (respondent disbarred for commingling and converting funds held in a fiduciary capacity for estate); *In the Matter of Dowdy*, 247 Ga. 488 (277 SE2d 36) (1981) (respondent suspended indefinitely for commingling client funds and failing to account for funds held in a fiduciary capacity).

practice of law in this state. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.