A00A0764, A00A0765. NELSON & HILL, P.A. v. WOOD; and vice versa.
(537 SE2d 670)

PHIPPS, Judge.

Nelson & Hill, P.A. represented C. A. Wood in a federal age discrimination lawsuit against Wood's employer. After a verdict was returned in Wood's favor, Nelson & Hill and Wood became embroiled in a fee dispute. Nelson & Hill sued Wood in Walton County Superior Court on a breach of contract claim which was later amended to a suit in quantum meruit. Wood counterclaimed for breach of fiduciary duty, punitive damages, breach of contract and bad faith. He subsequently reduced his claims to breach of fiduciary duty and punitive damages. The trial court granted summary judgment to Nelson &

---

Hill on Wood's breach of fiduciary duty and punitive damages claims and entered a declaratory judgment that it was estopped from hearing Nelson & Hill's quantum meruit action for attorney fees because the federal district court had already awarded reasonable attorney fees for Nelson & Hill's representation of Wood. Both Nelson & Hill and Wood have appealed. We affirm the trial court's judgment on Nelson & Hill's claim because we find that as a matter of law Nelson & Hill cannot present a cognizable claim under a theory of quantum meruit. We also affirm the judgment on Wood's counterclaim because there is no genuine issue of material fact regarding the propriety of Nelson & Hill's handling of the proceeds of the federal litigation.

In May 1991, Nelson & Hill and Wood executed a contingency fee contract for Nelson & Hill to represent Wood in the administrative phase of his discrimination action. The contract specified that if the case was resolved through Equal Employment Opportunity Commission proceedings or settled while the case was pending before that agency, Nelson & Hill would receive 40 percent of any sums recovered. The contract further specified that if the case was not resolved at the administrative level, and if Wood wished to file a lawsuit and Nelson & Hill agreed to represent him, a new contract would be negotiated.

The case was not resolved in the administrative phase. Nelson & Hill drafted a new contract stating that it would represent Wood in the subsequent lawsuit and that its fee would be 33 percent of any settlement award or 40 percent of any trial award. The contract was never executed. Nevertheless, Nelson & Hill continued to represent Wood for more than two additional years and ultimately tried the case on his behalf in federal district court.

Wood was awarded $325,000 on his discrimination claim. Afterward Nelson & Hill petitioned the federal court for reasonable attorney fees to which they were entitled under federal law. Nelson & Hill presented affidavits and documentation regarding the time two attorneys and two paralegals spent working on the case. Nelson & Hill further requested $150 per hour as a reasonable hourly rate for the attorneys' time. They asked the court to award a total of $78,350 in fees and litigation expenses.

The federal court found that 30 of the hours submitted by the attorneys were duplicative and reduced the number of compensable hours by that amount. The court granted the remainder of Nelson & Hill's fee and expense requests and awarded a total of $74,850.

Subsequently, Nelson & Hill attempted to disburse the proceeds of the lawsuit. They intended to aggregate the damages and attorney fees award, transfer 60 percent of that amount to Wood, and retain 40 percent for the law firm. The disbursement was to take place at a meeting between Wood and one of the lawyers who tried his case.

When Wood was informed of the share Nelson & Hill had calculated for him, Wood asserted that he had never agreed to pay the firm a 40 percent contingency fee for its trial work. He refused to accept the check that Nelson & Hill had cut for him.

Wood obtained different counsel to represent him in the fee dispute. But the matter was not resolved. Within six months of the intended disbursement of funds, the parties agreed that Nelson & Hill would disburse to itself and Wood the amounts that each was undisputably entitled to receive and that Nelson & Hill would place the remainder of approximately $90,000 in an escrow account with Merrill Lynch. Thereafter, Nelson & Hill and Wood filed their respective claims in Walton County Superior Court.

### Case No. A00A0764

Nelson & Hill raises nine enumerations of error from the superior court's declaratory judgment finding that it was both judicially estopped and estopped by judgment from hearing the quantum meruit suit. Four enumerations challenge the applicability of the doctrine of judicial estoppel. Three enumerations relate to whether the trial court incorrectly determined that the facts of this case did not present a viable cause of action under quantum meruit. The eighth enumeration asserts that the trial court erred in ruling that Nelson & Hill could not seek to establish the value of their services in quantum meruit by presenting evidence of their original contingency fee contract with Wood or of oral discussions regarding a contingency fee. In its final enumeration of error, Nelson & Hill asserts that Wood would be unjustly enriched if it is not allowed to pursue its quantum meruit claim in a jury trial. Nelson & Hill does not challenge the court's determination that it was estopped by judgment from hearing this suit.

1. "Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."[1] "Generally, an action of this type is one upon quantum meruit. [Cit.]"[2] Quantum meruit literally means "as much as he deserves."[3] It is an equitable doctrine based on the concept that no one who benefits from the labor and materials of another should be unjustly enriched thereby.[4] Where quantum meruit is applicable, the provider may recover the reasonable value of goods or services transferred, but value is defined in

---

[1] OCGA § 9-2-7.
[2] *First Nat. Bank &c. Co. v. McNatt*, 141 Ga. App. 6, 8 (3) (232 SE2d 356) (1977).
[3] Black's Law Dictionary (5th ed.), p. 1119.
[4] Id.

terms of value to the recipient.[5]

> [J]udicial estoppel precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding. "Thus, the 'essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.' [Cits.]" The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. [Cits.] The doctrine does not require reliance or prejudice before a party may invoke it. [Cit.][6]

"The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings. [Cit.]"[7]

Although judicial estoppel is a federal doctrine,[8] it is applied by the state courts of Georgia to afford judgments of the federal courts the same effect here as in the courts where they were rendered.[9] Frequently, judicial estoppel is employed to preclude the prosecution of unliquidated tort claims that discharged debtors failed to list as assets in their federal bankruptcy petitions.[10]

Here, the record contains the order of the federal court awarding fees to Nelson & Hill and affidavits in support of the request for fees and costs filed by the two Nelson & Hill attorneys who represented Wood. After reviewing those documents, we do not find that judicial estoppel applies to bar consideration of Nelson & Hill's claims for fees in quantum meruit. We do not find evidence in the record that Nelson & Hill purposefully adopted inconsistent positions in the different proceedings with the intention of manipulating the court system.

2. However, we agree with the trial court that under the facts of this case, Nelson & Hill could not maintain a suit in quantum meruit. In effect, the court's declaratory judgment is an award of summary judgment. The court considered evidence and essentially

---

[5] See *Dodd v. Newton*, 122 Ga. App. 720, 722-723 (178 SE2d 567) (1970); *Stowers v. Hall*, 159 Ga. App. 501, 502 (3) (283 SE2d 714) (1981).

[6] *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994).

[7] *Reagan v. Lynch*, 241 Ga. App. 642, 643-644 (524 SE2d 510) (1999).

[8] Id.

[9] *Southmark*, 212 Ga. App. at 455.

[10] See id.; *Wolfork v. Tackett*, 241 Ga. App. 633 (526 SE2d 436) (1999).

made a determination that Nelson & Hill was barred from bringing this suit.[11] That is properly a subject for determination by summary judgment.[12] There is no magic in nomenclature, and we judge pleadings, motions and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice.[13] When the trial court's judgment is correct for any reason, we will affirm.[14]

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[15] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable inferences and conclusions drawn from it, in the light most favorable to the nonmovant.[16]

To recover in quantum meruit, the plaintiff must show that he has not already been compensated the reasonable value for the goods or services he conferred on the defendant.[17] The uncontroverted evidence shows that Nelson & Hill received a reasonable fee through the award from the federal court.

Nelson & Hill requested fees based on the hours worked on the case by two lawyers and two paralegals. The lead counsel stated to the federal court in an affidavit, "I believe that the number of hours expended in this case are reasonable." The other lawyer asserted in his affidavit that the hours for which he sought compensation were "clearly reasonable and in no way excessive." The firm was compensated for all but 30 hours of the attorneys' time and was reimbursed for the costs presented to the court.

Both lawyers sought an hourly attorney rate of $150. The lead counsel stated:

> I am seeking compensation at the hourly rate of $150.00, which I believe is *reasonable* and in line with the rates charged for federal litigation in the Athens area. I am currently representing two clients on an hourly basis, who both are compensating me at the rate of $150.00 per hour, one in an employment matter, the other in commercial litigation. I have recently been compensated at the rate of $125.00 per hour in another employment matter, which was a reduced

---

[11] Compare *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835 (1) (424 SE2d 19) (1992).

[12] Id.; see also *Redding v. Walker*, 225 Ga. App. 653, 654 (1) (485 SE2d 252) (1997).

[13] *Cain v. Moore*, 207 Ga. App. 726, 727 (2) (429 SE2d 135) (1993).

[14] *Stoneridge Properties v. Kuper*, 178 Ga. App. 409, 412 (1) (343 SE2d 424) (1986).

[15] OCGA § 9-11-56 (c).

[16] *Durben v. American Materials*, 232 Ga. App. 750 (503 SE2d 618) (1998).

[17] See OCGA § 9-2-7; *Artrac Corp. v. Austin Kelley Advertising*, 197 Ga. App. 772, 777 (5) (399 SE2d 529) (1990).

rate based on my prior relationship with the client. I have recently been awarded $125.00 per hour by Judge William C. O'Kelley for work in the Gainesville Division of the Northern District of Georgia for work primarily done prior to 1991. It is my opinion that the market rate in Athens is higher than in Gainesville. I have settled many employment cases in which my attorneys' fee was based on $150.00 per hour. Based upon my years of experience in federal and civil rights litigation, and based on my familiarity with hourly rates charged by the other attorneys in the Athens area, the hourly rates sought in this case are *reasonable*.[18]

Nelson & Hill was awarded the $150 per hour requested.

Now, Nelson & Hill seeks additional compensation which would raise its hourly rate to more than $300. To justify that amount, Nelson & Hill asserts that it could present evidence that the subjective value of its services to Wood was in line with the $300 per hour figure. Nelson & Hill desires to introduce evidence that Wood had agreed to pay the firm a 40 percent contingency fee to represent him before the EEOC and that during settlement negotiations Wood did not object when discussions were had regarding the firm being paid a similar contingency fee.

The superior court correctly determined that the evidence Nelson & Hill desires to introduce is not admissible. Standard 31 (d) (1) of the Standards of Conduct for the State Bar of Georgia provides that contingency fee agreements

shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, whether litigation and other expenses are to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated.

In Advisory Opinion No. 92-1, the Supreme Court of Georgia stated, "The obvious intent of Standard 31 is to ensure that clients are adequately informed of all relevant aspects of contingent fee arrangements, including all factors taken into account in determining the amount of their ultimate recovery."

The Supreme Court of Georgia has the duty to regulate the legal profession in the public's interest.[19] And in *AFLAC v. Williams*,[20] it

---

[18] (Emphasis supplied.)
[19] *AFLAC, Inc. v. Williams*, 264 Ga. 351, 352-353 (1) (444 SE2d 314) (1994).
[20] Id.

indicated that contractual provisions between attorneys and clients which violate the public interest are unenforceable. In that case, the Supreme Court of Georgia held that a provision requiring a client to pay damages in the event it terminated the services of its lawyer was unenforceable because it violated the client's absolute right to terminate the attorney-client relationship at any time.[21]

Based upon Standard 31 (d) (1), Advisory Opinion 92-1 and *AFLAC*, we find that an oral contingency fee contract would not be enforceable because it would violate public policy. Likewise, we find that public policy would be undermined if the courts were to admit in quantum meruit actions evidence of oral contingency fee contracts or evidence of prior contingency fee contracts between the lawyer and the client. In effect, lawyers would be able to receive contingency fees through quantum meruit suits without having contracted for them in the manner required by Standard 31 (d) (1).

We also find that the evidence Nelson & Hill seeks to introduce is not relevant. The contract for EEOC representation expressly stated that it did not apply to subsequent representation. Moreover, it cannot be assumed that because Wood was willing to pay 40 percent of an EEOC award, he was willing to pay 40 percent of a trial award. A recovery after a trial was likely to be much greater than a recovery in the EEOC proceedings. As to the settlement discussions referred to by Nelson & Hill, they are irrelevant because the case was not settled.

Nelson & Hill relies heavily on the case of *Dodd v. Newton*.[22] In *Dodd*, this court held that a trial court did not err in allowing an attorney to present evidence of the contingency fee schedule of the local bar in a quantum meruit suit on attorney fees. *Dodd* is distinguishable, however; Nelson & Hill concedes that *Dodd* predates the adoption of Standard 31 (d) (1). Even if *Dodd* had not predated Standard 31 (d) (1), it would be difficult to assess its precedential effect because the circumstances of the fee disputes were not detailed in the opinion. *Dodd* may have been one in a line of cases holding that when there is a valid contingency arrangement between an attorney and a client, and the client prevents the contingency from occurring, evidence of the contingency fee percentage specified in the contract is admissible in a suit in quantum meruit.[23]

Nelson & Hill has cited no cases in which an attorney has been allowed to recover fees in quantum meruit after he has already been awarded a fee that he advocated for and asserted was reasonable. Additional recovery would not lie in quantum meruit. It may lie in

---

[21] Id. at 353-354.
[22] 122 Ga. App. 720, 722-723 (178 SE2d 567) (1970).
[23] See, e.g., *Sosebee v. McCrimmon*, 228 Ga. App. 705, 707 (1) (492 SE2d 584) (1997).

contract. But here there is no contract. Under these facts, Wood has not been unjustly enriched. Judgment against Nelson & Hill was proper.

### Case No. A00A0765

3. Next, we consider Wood's cross-appeal of the court's grant of summary judgment to Nelson & Hill on his breach of fiduciary duty and punitive damages claims. As Wood's legal representative, Nelson & Hill had fiduciary duties to be loyal to Wood, to exercise the utmost good faith to him, to apply its best skill, zeal and diligence in representing him and to avoid interests or actions that were incompatible with Wood's.[24] Wood argues that Nelson & Hill breached its fiduciary duties in the following respects: (1) by falsely asserting to him that it was entitled under contract to a 40 percent portion of the proceeds from federal court; (2) by refusing to turn over all proceeds that exceeded the federal court award of attorney fees; (3) by initiating suit on a frivolous breach of contract claim; (4) by raising a quantum meruit claim after conceding that it had no contract with Wood for the post-EEOC phase; (5) by seeking to recover a fee more than twice the amount it sought from the federal court as a reasonable fee; and (6) by placing the funds in an escrow account to which Wood did not have access.

Nelson & Hill's representation of Wood ended when the fee dispute erupted and he hired other counsel.[25] Subsequently, Nelson & Hill disbursed to Wood and Nelson & Hill the portions of the proceeds to which each was clearly entitled and, as agreed between the parties, deposited the disputed portion of the proceeds in an escrow account. Despite Wood's contentions, there is no evidence that Nelson & Hill purposefully asserted a false or frivolous claim for breach of contract. There is no evidence that Nelson & Hill mishandled or inappropriately handled any of the funds. And despite our holding in Division 2 of this opinion, we do not find evidence that Nelson & Hill frivolously asserted its claim in quantum meruit. For these reasons, we find no error in the court's grant of summary judgment on Wood's breach of fiduciary duty claim.

Likewise, summary judgment on the punitive damages claim was appropriate because that claim was dependent upon the merits of the breach of fiduciary duty claim. An action for breach of fiduciary

---

[24] See *Dolvin Realty Co. v. Holley*, 203 Ga. 618, 622 (2) (48 SE2d 109) (1948); *Morris v. Johnstone*, 172 Ga. 598, 604-605 (158 SE 308) (1931); *Clyde Chester Realty Co. v. Stansell*, 151 Ga. App. 357, 359 (259 SE2d 639) (1979).

[25] See *In re Housman*, 268 Ga. 16, 17 (1) (485 SE2d 202) (1997).

duty lies in tort.[26] And

> [p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.[27]

Moreover, " '[a] claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach. Punitive damages may not be recovered where there is no entitlement to compensatory damages.' [Cits.]"[28]

For the foregoing reasons, we affirm the trial court's grant of summary judgment to Wood on Nelson & Hill's quantum meruit claim and the grant of summary judgment to Nelson & Hill on Wood's breach of fiduciary duty and punitive damages claims.

*Judgments affirmed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JULY 12, 2000.

*Nelson, Hill, Lord & Beasley, Janet E. Hill, J. Hue Henry*, for appellant.

*Dreger & McClelland, Richard J. Dreger, Nicholas J. Pieschel*, for appellee.

---

[26] See *McLane v. Atlanta Market Center Mgmt. Co.*, 225 Ga. App. 818, 825 (4) (a) (486 SE2d 30) (1997), rev'd on other grounds, 269 Ga. 604 (503 SE2d 278) (1998).

[27] OCGA § 51-12-5.1 (b).

[28] *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992).