304 Ga. 663
FINAL COPY

S18Z1390. IN THE MATTER OF FREDDIE DARNELL HARRELL.

PER CURIAM.

This disciplinary matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice of Law in Georgia (the "Rules"), filed by Freddie Darnell Harrell. Harrell, who was originally admitted to the practice of law in 1987, was disbarred in 1995 for misconduct related to his representation of three individuals in criminal and civil proceedings, which conduct violated the following then-applicable Standards 3, 4, 22, 23, 44, 45, 61, 62, 63, 65, and 68 of Bar Rule 4-102.[1] See In the Matter of Harrell, 265 Ga. 785, 785 (462 SE2d 753) (1995).

---

[1] In relevant part, Standard 3 prohibited engaging in illegal professional conduct involving moral turpitude; 4 prohibited engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation; 22 prohibited failing to follow the requirements for withdrawing from employment; 23 prohibited failing to refund an unearned fee upon withdrawal of employment; 44 prohibited wilfully abandoning or disregarding a legal matter; 45 prohibited knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule; 61 required promptly notifying a client of the receipt of funds and delivering them to the client; 62 required properly identifying and labeling a client's funds; 63 required the maintenance of a complete record of all of a client's funds in the attorney's possession and to render appropriate accounts to the client regarding the funds; 65 prohibited commingling personal and client funds; and 68 required responding to disciplinary authorities.

On November 26, 2016, Harrell filed the instant Application for Certification. Upon request by the Board to Determine Fitness of Bar Applicants (the "Board"), in December 2017, Harrell submitted a Statement of Rehabilitation in light of In re Cason, 249 Ga. 806 (294 SE2d 520) (1982), in which he admits that he failed to handle his clients' cases "in their best interest," that he has "lived in shame knowing that it was [his] irresponsibility that caused [his] disbarment," and that he has worked hard, helped others, and taken on a "useful and constructive place in society." He further details his rehabilitation through his employment since his disbarment and his contributions to the community, including his support of an indigent family and his actions as president of his homeowners' association. Harrell also met with the Board in an informal conference and submitted numerous character references from family members, friends, and individuals in his community.

Pursuant to Part A, Section 10 (d) (1)-(4) of the Rules Governing Admission to the Practice of Law in Georgia, the Board provided notice and opportunity for the State Bar to present relevant information, provided notice to the Bar membership and Chief Judge where Harrell practiced, provided newspaper notice to the public in the area where Harrell practiced, and sought

2

and received confirmation from the Client Security Fund that no restitution was due. The Client Security Fund responded that it paid no monies on claims filed against Harrell and that he owed no restitution. The President of the Troup County Bar Association responded that, although members of the Association that knew Harrell personally were shocked to see the grievances filed against him, the Association did not possess enough information one way or the other as to whether he was fit to practice law, but suggested that, if his conduct has been exemplary since his disbarment, it may be worth giving his Application some serious consideration. In addition, the State Bar responded that, at the time of Harrell's disbarment, four additional grievances were pending against him; that three of the grievances were transferred to moot status following his disbarment; that the fourth grievance was transferred to inactive status; and that the Bar did not intend to reactivate any of these matters in the event Harrell becomes eligible for readmission.

The Board, having met with Harrell and having considered the materials he submitted, issued its report on June 13, 2018, concluding that Harrell had, by clear and convincing evidence, carried his burden under Cason of demonstrating rehabilitation from his prior conduct and voted to grant certification of fitness

to Harrell for readmission. The Board then filed its report and the record with this Court for final consideration.

Upon consideration of the entire record, we likewise conclude that Harrell has shown that he is entitled to be certified as fit to practice law in Georgia. Further, it appears that Harrell has met all of the procedural requirements of Part A, Section 10 for approval of his Application for Certification of Fitness. Accordingly, this Court hereby grants Harrell's Application for Certification of Fitness and orders that, upon satisfaction of all the requirements of Part B of the rules, including taking and passing the Georgia Bar Examination, Harrell may be reinstated as an attorney licensed to practice law in the State of Georgia.

Certification of fitness for readmission granted. All the Justices concur, except Peterson, J., not participating.

Decided November 5, 2018.

Reinstatement.

Heidi M. Faenza, for Office of Bar Admissions.