NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 6, 2025

S25Y0424.  IN THE MATTER OF SANJAY PATEL.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Chong J. Kim filed pursuant to Bar Rule 4-214.  In the report, the Special Master recommends that Sanjay Patel (State Bar No. 141477), who has been a member of the Bar since 2004, be disbarred for his violations of Rule 1.15 (I) (c)[1] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).  Neither Patel nor the Bar sought review by the Review Board or filed exceptions to the Special Master's report.  Accordingly, this matter is

---

[1] Rule 1.15 (I) (c) states, "Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

now ripe for this Court's review and having reviewed the record in this matter, we agree with the Special Master that disbarment is warranted.

By way of background, in November 2021, the State Bar issued a formal complaint against Patel, alleging that he violated Rule 1.15 (I) (c). The Special Master was appointed by this Court, and Patel filed an answer to the Formal Complaint. However, Patel then failed to respond to the State Bar's interrogatories, document requests, and requests for admissions, and he failed to comply with the State Bar's two orders compelling him to respond to the discovery requests. As a sanction for his complete failure to respond to the discovery requests and orders to comply, the Special Master struck Patel's answer and ordered that the allegations in the Formal Complaint be deemed admitted based on Patel's "intentional[] and willful[]" failure to respond to the discovery requests. Following a hearing on the mitigating and aggravating circumstances and to determine the appropriate level of discipline, the Special Master issued her report and recommendation.

According to the Special Master's report, the facts as deemed

admitted are as follows. Patel represented a lender in a re-financing real estate transaction, in which the Grievant was the borrower. On May 24, 2019, the lender wired $469,571.59 to Patel's attorney escrow account to be used to pay off the Grievant's existing mortgages on the subject property. However, Patel failed to pay off all existing mortgages and failed to remit or account for some or all of the escrowed funds. Patel stole at least $235,565.62 of the Grievant's money held in Patel's attorney escrow account. Patel failed to provide an accounting of the funds he held in connection with the re-financing real estate transaction.[2] The Special Master also found that Patel previously received an Investigative Panel Reprimand on July 11, 2024, based on his misconduct in a similar real estate transaction.

The Special Master concluded that, based upon Patel's misconduct, he violated Rule 1.15 (I) (c) by (1) failing to properly distribute the funds he received in connection with the closing transaction; (2) allowing the funds to disappear from his IOLTA

---

[2] Additionally, at the hearing on this matter, Patel admitted that he received the funds at issue into his IOLTA account but the funds subsequently "disappeared."

account; and (3) stealing at least $235,565.62 of the Grievant's money held in Patel's attorney escrow account. The maximum penalty for a violation of Rule 1.15 (I) (c) is disbarment.

The Special Master looked to the ABA Standards for Imposing Lawyer Discipline ("ABA Standards") for guidance in determining the appropriate sanction in this matter. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). In this regard, the Special Master concluded that the duty implicated by Patel's violations of Rule 1.15 (I) (c) is the duty that lawyers owe as professionals to protect and preserve the property of third parties entrusted to the lawyer in connection with a representation. See ABA Standard 7.0. As for Patel's mental state, the Special Master concluded that Patel admitted he stole at least $235,565.62 of the Grievant's money held in Patel's escrow account, which was an intentional act. As for injuries, the Special Master concluded that the Grievant suffered actual, serious injury from Patel's theft, and that lawyers like Patel who steal money from their clients injure the reputation of the entire profession. On this basis, the Special Master concluded that disbarment was the presumptive sanction here because disbarment is appropriate whenever a lawyer

4

knowingly engages in conduct that is a violation of a duty owed as a professional, with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system. See ABA Standard 7.1.

In terms of aggravating circumstances, the Special Master concluded that Patel had (1) a prior disciplinary offense in the form of an Investigative Panel Reprimand in 2014, see ABA Standard 9.22 (a); (2) a dishonest or selfish motive, see ABA Standard 9.22 (b); (3) substantial experience in the practice of law, as he was admitted to the State Bar in 2004, see ABA Standard 9.22 (i); and (4) indifference to making restitution, given that Patel testified that he had "reached out to the grievant . . . to give restitution," but had not actually paid any restitution to date, see ABA Standard 9.22 (j). The Special Master then found that there were no mitigating circumstances. At the hearing, Patel stated that he "had substance abuse issues," but as the Special Master noted, Patel did not try to establish a causal link between his substance abuse issues and his misconduct as an attorney.

After considering the ABA standards and the applicable mitigating and aggravating circumstances in this matter, the Special

Master concluded that disbarment is the appropriate sanction in this case. The Special Master further concluded that this sanction was in line with this Court's precedent. See *In the Matter of Cheatham*, 304 Ga. 645, 646 (820 SE2d 668) (2018) (disbarring attorney on special master's report and recommendation for, among other things, converting funds from a real estate transaction to his own use); *In the Matter of Weber*, 266 Ga. 883, 885 (471 SE2d 864) (1996) (upon recommendation of investigative panel, disbarring attorney who closed real estate transaction but failed to deliver funds to the grievant; had extensive experience in the practice of law; failed to respond to disciplinary authorities; and engaged in egregious and repetitive conduct given he committed similar acts in two other transactions). Accordingly, the Special Master recommended that Patel be disbarred.

Having carefully reviewed the record, we agree with the Special Master that disbarment is warranted under these circumstances for Patel's violations of Rule 1.15 (I) (c). See *Cheatham*, 304 Ga. at 645. See also *In the Matter of Harris*, 301 Ga. 378, 379 (801 SE2d 39) (2017) (on special master's report and recommendation, disbarring attorney who misappropriated trust funds in the course of his real estate

6

practice and violated Rules 1.15 (I) and 1.15 (II)).  No readmission will be considered without full restitution having been made by Patel.  See *In the Matter of Davis*, 316 Ga. 30, 42 (885 SE2d 771) (2023) (on Review Board's report and recommendation, conditioning readmission of disbarred attorney upon full payment of judgment entered against him based on his misconduct in handling a probate matter). Accordingly, it is hereby ordered that the name of Sanjay Patel be removed from the rolls of persons authorized to practice law in the State of Georgia. Patel is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. Peterson, CJ, Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*